UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA DIAZ, | ) |
| | ) |
| Plaintiff, | ) Case: 1:23-cv-14394 |
| | ) |
| v. | ) |
| | ) |
| SWEET HOME KITCHEN & BATH, INC., | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, Lisa Diaz ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Sweet Home Kitchen & Bath, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants sex-based and pregnancy-based discrimination under Title VII.

2. This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and Defendant's retaliation for Plaintiff requesting/utilizing their FMLA rights.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent have been fulfilled or been complied with.

6. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Lisa Diaz, resided in DuPage County, Illinois.

10. At all times material to the allegations in this Complaint, Defendant, Sweet Home Kitchen & Bath, Inc., is a corporation doing business in and for Cook County, Illinois, whose address is 4620 Roosevelt Road, Hillside, IL 60162.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

13. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

14. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§

2611(4).

## BACKGROUND FACTS

15. Plaintiff worked for Defendant as an Estimator from on or about April 1, 2018 through on or about February 3, 2023, when she was unlawfully terminated on the basis of her sex (female) and pregnancy.

16. Since at least December 2022 through February 3, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

17. Plaintiff is female and pregnant and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

18. In December 2022, Plaintiff received an excellent performance review, evidencing that Plaintiff met or exceeded Defendant's reasonable job expectations.

19. Shortly thereafter, on or around December 20, 2022, Plaintiff informed Defendant of her pregnancy.

20. At the time, she was four months pregnant.

21. Plaintiff asked several questions about her employer's policy for maternity leave.

22. Plaintiff's inquiry is considered protected activity under the FMLA.

23. Defendant seemed confused and refused to provide Plaintiff with any guidance or answers.

24. Regrettably, if Defendant has a policy, it was never discussed or shared with Plaintiff.

25. Plaintiff continued diligently working, and continued to be a high-performing employee throughout her pregnancy.

26. However, shockingly, on February 3, 2023, Plaintiff was terminated.

27. She was given the pre-textual reason of "financial reasons".

28. Plaintiff knew this was pre-text for illegal sex-based and pregnancy-based discrimination because immediately after her termination, Defendant posted her position on job boards such as Ziprecruiter.com, evidencing that they had the funds to keep Plaintiff's position.

29. In reality, Plaintiff was fired on the basis of her sex and pregnancy, and in retaliation for requesting information about medical leave.

30. Plaintiff's termination caused her extreme stress and mental anguish.

31. In fact, Plaintiff suffered a placenta abruption and went into early labor, which resulted in her son receiving care in the neonatal intensive care unit.

32. Plaintiff's doctor informed her that this medical emergency and early labor were very likely a result of the extreme stress she was under.

33. Due to Defendant's discrimination and retaliation, Plaintiff was forced to give birth, under emergency circumstances, without any maternity benefits.

34. Plaintiff suffered adverse employment actions including but not limited to termination, which included losing income and maternity benefits.

35. There is a basis for employer liability for the sex-based discrimination that Plaintiff was subjected to, as employees of Defendant perpetuated the discrimination.

36. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff requested information about medical leave

and complained about the discrimination upon her termination.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

37. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

38. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, female, and on the basis of her pregnancy, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

39. Plaintiff met or exceeded performance expectations.

40. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

41. Defendant effectively terminated Plaintiff's employment on the basis of Plaintiff's sex, by forcing Plaintiff to resign.

42. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex, and pregnancy.

43. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

44. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer extreme mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Family and Medical Leave Act
### (FMLA Interference)

45. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

46. Plaintiff was eligible for FMLA leave.

47. At all times material, Plaintiff gave proper notice to her employer by informing them of her pregnancy.

48. Defendant controlled Plaintiff's work schedule and conditions of employment.

49. Plaintiff provided enough information for her employer to know that Plaintiff's potential leave may be covered by the FMLA.

50. Defendant interfered with Plaintiff's rights under the FMLA when Defendant terminated her employment, preventing her from exercising her FMLA rights.

51. Defendant acted in willful and reckless disregard of Plaintiff's protected rights by intentionally interfering with Plaintiff's use of her approved FMLA leave.

52. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of the Family and Medical Leave Act
### (FMLA Retaliation)

53. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

54. Defendant retaliated against Plaintiff after Plaintiff provided notice of a request for FMLA leave.

55. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for attempting to utilize FMLA leave.

56. Plaintiff's request for FMLA leave was a direct and proximate cause of the adverse employment actions taken against Plaintiff.

57. As a direct and proximate result of the retaliation described above, Plaintiff has

suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay with interest;

    b.    Payment of interest on all back pay recoverable;

    c.    Front pay;

    d.    Loss of benefits;

    e.    Compensatory and punitive damages;

    f.    Reasonable attorneys' fees and costs;

    g.    Award pre-judgment interest if applicable; and

    h.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 2nd day of October, 2023.

/s/ *Travis Lampert*
**TRAVIS LAMPERT, ESQ.**
IL Bar No.: 99843
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581 - 5456
Fax (630) 575 - 8188

tlampert@sulaimanlaw.com
*Attorney for Plaintiff*